IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TABENACULO DE VIDA, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-1078 |
| | § | |
| NAUTILUS INSURANCE COMPANY | § | |
| and THAD LAMAR ATKINS, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER OF REMAND

Plaintiff, Tabenaculo de Vida, originally filed this action on February 27, 2009, in the 280th Judicial District Court of Harris County, Texas (Civil Action No. 2009-12283), against defendants, Nautilus Insurance Company (Nautilus) and Thad Lamar Atkins (Atkins), for breach of contract, breach of the duty of good faith and fair dealing, violations of the Texas Insurance Code, and violations of the Texas Deceptive Trade Practices Act.[1]  On April 1, 2010, Nautilus filed Defendant's Notice of Removal (Docket Entry No. 1).  Pending before the court is Plaintiff's Opposed Motion to Remand (Docket Entry No. 4), to which Nautilus has not responded.  For the reasons stated below, the court concludes that this action should be remanded to state court.

---

[1] See Plaintiffs' Original Petition attached to Defendants' Notice of Removal, Docket Entry No. 1.

## I. Standard of Review

"A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction." Manguno v. Prudential Property & Casualty Insurance Co., 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)). "The jurisdictional facts that support removal must be judged at the time of the removal." Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000). "The party seeking to assert federal jurisdiction, in this case [Nautilus], has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists." New Orleans & Gulf Coast Railway Co. v. Barrois, 533 F.3d 321, 327 (5th Cir. 2008). "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" Gutierrez v. Flores, 543 F.3d 248, 251 (5th Cir. 2008) (quoting In re Hot-Hed, Inc., 477 F.3d 320, 323 (5th Cir. 2007)). The time periods during which removal is permitted are set forth in 28 U.S.C. § 1446(b). The removal statutes are to be construed strictly against removal and for remand because removal "deprives a state court of a case properly before it and thereby implicates important federalism concerns." Frank v. Bear Stears & co., 128 F.3d 919, 922 (5th Cir. 1997). See also Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979) ("[A]mbiguities are generally construed against removal.").

## II. Analysis

### A. Applicable Law

A defendant has the right to remove an action from state to federal court when federal subject-matter jurisdiction exists and the removal procedure has been properly followed. See 28 U.S.C. § 1441. Nautilus invokes the court's diversity jurisdiction over "[a]ny civil action . . . founded on a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1446(a). A federal court has subject-matter jurisdiction based on diversity of citizenship "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

The time for removing civil cases is governed by 28 U.S.C. § 1446(b) which provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

The first paragraph [of § 1446(b)] applies only to civil actions in which the case stated by the initial pleading is removable. The second paragraph applies only to civil actions in which the initial pleading states a case that is not removable." New York Insurance Co. v. Deshotel, 142 F.3d 873, 886 (5th Cir. 1998). Under the second paragraph, an initially nonremovable case must be removed within thirty days "after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). Removal under this paragraph is further limited by the one-year limit on removal of diversity cases. Failure to remove within the one-year time limit of § 1446(b) is a ground for remand unless an equitable exception applies.

The equitable exception requires a finding that the "plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights." Tedford v. Warner-Lambert Co., 327 F.3d 423, 428-29 (5th Cir. 2003). Courts examine the parties' conduct to determine "whether it is equitable to strictly apply the one-year limit." Id. at 426. In determining whether to apply an equitable exception, a court must balance the exception with the general rule that removal jurisdiction is to be construed strictly because removal "deprives a state court of a case properly before

it and thereby implicates important federalism concerns." <u>Frank</u>, 128 F.3d at 922.

### B.  Arguments of the Parties

In its Notice of Remand, Nautilus states

> [d]efendant Nautilus Insurance Company was served with the suit on March 9, 2009.  Although this case was not removable when originally filed, it became removable on March 19, 2010, because Defendant, Thad Lamar Atkins provided Nautilus Insurance Company with an affidavit attesting he has been a citizen of Indiana since 2005.  *See* Exhibit A.  The undersigned counsel was not made aware that Thad Lamar Atkins was not a citizen of Texas until March 11, 2010.  *See* Exhibit B.  Nautilus Insurance Company files this notice of removal within 30 days after receiving the affidavit and its counsel becoming aware that Thad Lamar Atkins was not a citizen of Texas. Although Nautilus Insurance Company did not file this notice of removal within one year of commencement of the suit, Nautilus Insurance Company is entitled to an equitable extension because plaintiff manipulated the rules for determining federal removal jurisdiction. Plaintiff purposefully plead Thad Lamar Atkins was a resident and citizen of Texas.  *See* Exhibit "C".  Thad Lamar Atkins has been a resident and citizen of Indiana since 2005.  *See* Exhibit "A".  Plaintiff knew or should have known that Thad Lamar Atkins was not a citizen of Texas.  This constitutes fraudulent joinder.[2]

In his affidavit Thad Lamar Atkins states:

> My name is Thad Lamar Atkins.  I am over the age of 18 years of age.  I am of sound mind and in all respects competent to make this Affidavit.  I have been a citizen of Indiana since 2005.  I currently reside at 656 Cielo Vista Drive, Greenwood, Indiana, 46143.  I worked in Texas as an independent adjuster for a brief time in 2008, adjusting claims resulting from Hurricane Ike.[3]

---

[2]Notice of Removal, Docket Entry No. 1, pp. 1-2 ¶ 4.

[3]Affidavit of Thad Lamar Atkins, Exhibit A attached to Defendant's Notice of Removal, Docket Entry No. 1.

Nautilus contends that

> [r]emoval is proper because Plaintiff joined Thad Lamar Atkins solely to defeat diversity jurisdiction. There is outright fraud in the Plaintiff's pleading of jurisdictional facts. In removal cases, under the doctrine of "fraudulent joinder," the court can disregard a non-diverse or local defendant when the plaintiff has fraudulently pleaded jurisdictional facts to add the non-diverse or local defendant.[4]

Plaintiff argues that

> "[n]o equitable exception exempts Nautilus from the one year limitation because Plaintiff's pleadings are based on the fact that Defendant, Atkins, listed Texas as his state of residence with the Texas Department of Insurance and Defendant Nautilus knew or should have known the state of residence of Defendant Atkins at the time the suit was filed. The removal based upon subject matter jurisdiction is therefore not timely and this case should be remanded.[5]

Plaintiff explains that

> [t]his action was commenced on February 27, 2009. At that time, Plaintiff filed suit against Nautilus Insurance Company and Thad Lamar Atkins. Defendant, Thad Lamar Atkins was named as a Defendant who was a resident of Harris County, Texas and who could be served with process by certified mail, return receipt requested at 12600 Mistletoe Trail, Manchaca, Texas 78651. Thad Lamar Atkins was an active licensed all lines adjuster in the State of Texas. Mr. Atkins' Texas adjusters license was in effect from September 15, 2005 until September 15, 2009. Mr. Atkins listed his address with the Texas Department of Insurance as 12600 Mistletoe Trail, Manchaca, Texas 78651. Nautilus utilized Mr. Atkins as a claims representative, adjuster and estimator for the Plaintiff's Hurricane Ike claim.[6]

---

[4] Notice of Removal, Docket Entry No. 1, at p. 2 ¶ 5.

[5] Plaintiff's Opposed Motion to Remand, Docket Entry No. 4, p. 2.

[6] Id. at 1-2.

In support of this argument, plaintiff submits an "agent profile" printed from the Texas Department of Insurance website on February 5, 2009, showing Thad Lamar Atkins as a licensed adjuster whose address is 12600 Mistletoe Trail, Manchaca, Texas 78651.[7]

### C.  Application of the Law to the Party's Arguments

Nautilus acknowledges that on the face of plaintiff's original state-court petition, the case was not removable under § 1441(b). Nautilus argues that the case became removable in March of 2010 when Atkins provided it an affidavit stating that he has been a citizen of Indiana since 2005, and that he resides in Indiana. Pursuant to 28 U.S.C. § 1446(b), when an action is not initially removable, the defendant has 30 days after it receives a copy of "other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." The Fifth Circuit has stated that the "other paper" requires a voluntary act by the plaintiff. S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir. 1996) (citing Gaitor v. Peninsular & Occidental S.S. Co., 287 F.2d 252, 254 (5th Cir. 1961) (specifically noting that an initially non-removable case "cannot be converted into a removable one by evidence of the defendant").

---

[7]Exhibit A attached to Plaintiff's Opposed Motion to Remand, Docket Entry No. 4.

-7-

Moreover, the Fifth Circuit has held that the defendant's subjective knowledge cannot convert a case into a removable action. <u>Id.</u> (citing <u>Chapman v. Powermatic, Inc.</u>, 969 F.2d 160, 163 (5th Cir. 1992), <u>cert. denied</u>, 113 S.Ct. 1402 (1993)). Because the Atkins affidavit on which Nautilus relied to remove this action is an affidavit created by a defendant based on the defendant's subjective knowledge, the court concludes that it is not an "other paper" under § 1446(b) capable of converting this initially non-removable action into a removable action. Moreover, even if the Atkins' affidavit is an "other paper" for purposes of § 1446(b), this action would still not be removable because an action cannot be removed on the basis of diversity jurisdiction more than one year after the action is commenced. 28 U.S.C. § 1446(b).

Nautilus acknowledges that it's notice of removal was filed more than one year after the state court action was filed. Nautilus contends that it is entitled to an equitable extension of § 1446's one-year limit because plaintiff manipulated the rules for determining federal removal jurisdiction by pleading that Atkins was a citizen of Texas when plaintiff knew or should have known that Atkins was a citizen of Indiana.[8] An equitable exception may be valid if the plaintiff "attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby

---

[8] <u>Id.</u> at 2.

preventing [Nautilus] from exercising its rights." Tedford, 327 F.3d at 428.

In Tedford two plaintiffs filed suit against a pharmaceutical company and named a single nondiverse defendant, a treating physician. Id. at 424. The claim against the treating physician was not cognizable under Texas law. Id. at 427. In discovery, the pharmaceutical company learned that the doctor treated only one of the patients. Id. at 424-25. The trial court severed the plaintiffs' claims and transferred one plaintiff's case to another county. Id. at 425. Prior to the entry of the order severing the case, the plaintiff had been informed of the pharmaceutical manufacturer's intent to remove; three hours after that notice, the plaintiff amended her petition to name her treating physician as a non-diverse defendant. Id. The pharmaceutical company removed asserting that both treating physicians were fraudulently joined. Id. The district court granted the plaintiff's motion to remand. Id. After the case was remanded to state court, one of the plaintiffs signed and postdated a notice of nonsuit against the treating physician before the one-year anniversary of the filing of the suit but did not inform the defendant until after the expiration of the one-year period. Id. The pharmaceutical defendant again removed. Id. The district court held that removal was proper in spite of the one-year deadline. The Fifth Circuit affirmed and held that the time limit for removal is not jurisdictional and is subject to equitable tolling, and that under

those facts, "[e]quity demands [the plaintiff] be estopped from seeking to remand the case on the basis of the one-year limit in § 1446(b)," id. at 428, in part because the defendants "vigilantly sought to try the case in federal court." Id.

Nautilus contends that "[p]laintiff knew or should have known that . . . Atkins was not a citizen of Texas,"[9] but Nautilus fails to make any argument or cite any evidence showing why or how plaintiff knew or should have known that Atkins was not a citizen of Texas when plaintiff filed the state court petition that commenced this action. Moreover, Nautilus has not submitted any evidence disputing plaintiff's contention that when this action was initially filed in state court, records maintained by the Texas Department of Insurance identified Atkins as an insurance adjustor licensed in Texas whose address was as stated in plaintiff's original petition, i.e., in Manchaca, Texas.

"Fraud" is defined as "[a] knowing misrepresentation of the truth or concealment of a material fact to induce another to act to his or her detriment." Black's Law Dictionary at 685 (8th ed. 2004). Absent any evidence that plaintiff knew or should have known that Atkins was not a citizen of Texas when it filed the state court petition that commenced this action, the court has no basis on which to conclude that plaintiff fraudulently alleged that Atkins was a citizen of Texas or "attempted to manipulate the

---

[9]Notice of Removal, Docket Entry No. 1, p. 2 ¶ 4.

statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights." Tedford, 327 F.3d at 428-29. Accordingly, the court concludes that Nautilus has failed to carry its burden of showing that it is entitled to the equitable exception recognized in Tedford.

### III. Conclusions and Order of Remand

For the reasons stated above, the court concludes that removal of this case to federal court was improper because the notice of removal was not timely filed in accordance with 28 U.S.C. § 1446(b). Accordingly, Plaintiff's Motion to Remand, Docket Entry No. 4 is **GRANTED**. This action is **REMANDED** to the 280th Judicial District Court of Harris County, Texas. The Clerk will provide a copy of this Memorandum Opinion and Order of Remand to the District Clerk of Harris County, Texas.

**SIGNED** at Houston, Texas, on this 23rd day of June, 2010.

```
                                   _____
                                              SIM LAKE
                                   UNITED STATES DISTRICT JUDGE
```